## CHEATHAM v. MORRISON.

1. A non-suit is proper where there is an absence of all competent and
   pertinent testimony to any one or more of the contested issues
   raised in the case.
2. Property seized under an agricultural lien warrant was replevied, the
   defendants here, as sureties, signing an undertaking for the delivery
   to plaintiff of the property mentioned in case a delivery should be ad-
   judged and for the payment to plaintiff "of such sum as may *in this
   action* for any cause be recovered against the defendant."   No issues
   were "made up and set down for trial at the next succeeding term" of
   court under the agricultural lien law, but plaintiff, by ordinary action,
   recovered judgment against his debtor for this debt, issued execution,
   and obtained a return of *nulla bona.*   He then brought this action

against the sureties to the undertaking. *Held*, that defendants were not liable, as their undertaking only related to a recovery under the proceedings which had been commenced by the issue of the warrant. MR. JUSTICE MCGOWAN, *dissenting.*

Before FRASER, J., Abbeville, January, 1889.

This was an action by James H. Cheatham against B. L. Morrison and Basil Maddox. The opinion states the case.

*Messrs. Graydon & Graydon,* for appellant.

*Mr. Eugene B. Gary,* contra.

July 12, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. In December, 1884, one M. M. Seawright rented from the plaintiff for the year 1885, certain mills and land located in Abbeville County, the mills at a rental of $250 and one-fourth of the crop raised on the lands. And these parties entered into a written agreement to that end, in which it was stipulated that Cheatham should have a lien on all the crops raised on the place for the year 1885, with all the privileges and rights given to landlords by the act of the general assembly of the State. In December, 1885, Cheatham, upon an affidavit that Seawright was about to sell and dispose of the crops subject to the lien and to defeat the same, obtained from the clerk of the court a warrant authorizing the seizure of the crops referred to, and certain portions thereof having been seized by the sheriff, Seawright gave written notice to said sheriff that the amount claimed was not justly due, and he demanded the right to retain the property upon giving the proper security; which security having been given, with the defendants herein as sureties, the property levied upon was released.

The proceedings under the agricultural warrant appear to have stopped at this point. Some time after this, however (but at what precise time does not appear in the "Case," as there is no date to the papers), the plaintiff commenced an action by summons and complaint against Seawright, reciting the steps taken under the warrant of seizure, and alleging an indebtedness by Seawright

under the contract *supra* in the sum of $250, and one fourth of all crops raised on the premises mentioned for the year 1885, and praying judgment for the same, &c. In this action a judgment was obtained in 1888, upon a verdict of the jury for $376.71, which was rendered upon certain issues ordered by his honor, Judge Norton. Seawright having left the State after this, and a *nulla bona* return having been made upon the execution issued on the judgment *supra*, the action below was commenced on the undertaking, *supra*, against the defendants, sureties thereon.

At the trial of this case, his honor, Judge Fraser, upon motion of defendants, ordered a non-suit. The main question in the appeal is the correctness of this order. It is hardly necessary, in view of the frequent decisions in recent cases by this court of the foundation of non-suits, to say more here than that a non-suit is proper where there is an absence of all competent and pertinent testimony to any one or more of the contested issues raised in the case. Was there such absence here? The action below was brought upon the undertaking given by Seawright when he replevied the property seized by the sheriff under the agricultural warrant, and, of course, it antedated the suit against Seawright in the Court of Common Pleas, upon which the judgment mentioned above was obtained against him. In that undertaking, a copy of which is in the "Case," the parties stipulated, after reciting that certain crops had been seized in the case entitled J. H. Cheatham *v.* M. M. Seawright, that for procuring a return thereof, and in consideration thereof, they should become bound to the said plaintiff in the sum of $500 for the delivery of the property mentioned to the plaintiff, in case said delivery should be adjudged, and for the payment to said plaintiff of such sum as might *in that action* for any cause be recovered against the defendant. Now, the ground of the non-suit seems to have been that the proceeding under the warrant of seizure never reached judgment, nor was it ever pressed to a conclusion in any way; and inasmuch as the undertaking sued on was given in that proceeding, and the stipulations therein had reference only to the result of that proceeding, and there being no testimony connecting said undertaking with the subsequent action herein mentioned, a non-suit was inevitable.

The action below was upon a contract made by the defendants. These parties had the right to stand upon the contract made, and to demand of the plaintiff proof of a breach before liability attached. Their contract was in express terms, to be responsible, if they failed to have returned to the plaintiff the property replevied in case a return was adjudged to him, and for the payment of such sum of money as in *that action* might be recovered against Seawright. What action was referred to? No other action was then in existence except the agricultural proceeding, nor any other contemplated at that time, so far as known. The stipulation, then, could have had no reference except to that proceeding. To make the parties liable, therefore, there should have been some evidence that said proceeding had resulted either in a judgment of delivery of the property or a payment of a sum of money, and a refusal by defendants to respond. And in the absence of all testimony as to either or both of these facts, the defendants were entitled to the non suit.

This may seem at first view somewhat technical, as it may be urged that there has been a substantial establishment in the subsequent case of the facts upon which the defendants were to become liable. This may be so. But it is admitted that this has not been done in the proceeding under which they agreed to become liable, and we know of no power on the part of the court which can extend the liability of these defendants beyond their own express contract, and without their consent. And besides this, it may have turned out under the attachment proceedings that no recovery could have been had thereunder if that proceeding had gone on, because of the fact that an agricultural lien was imposed for the rent of mills instead of for the rent of lands for farming purposes, while no such objection could have been interposed in the subsequent action, and upon which the judgment was obtained. We do not adjudge this, but use it as an illustration to show that parties have the right to stand on their contracts as made.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE McIVER concurred.

MR. JUSTICE McGOWAN. I dissent. It seems to me that the undertaking sued on should be construed according to the manifest intention of the parties. And I have no doubt that the words "in this action" were intended to make the parties liable for what might be recovered *on the claim made in this proceeding.* The technical words used should not be allowed to defeat the intention of the parties and the plain justice of the case.

Judgment affirmed.